IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDMUNDO SAENZ VASQUEZ, 1105529, | § | |
|     Petitioner, | § | |
| | § | No. 3:04-CV-2694-L |
| v. | § | |
| | § | |
| DOUGLAS DRETKE, DIRECTOR, TDCJ-CID, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court.  The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division.  He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

**II.  Background**

On May 23, 2002, Petitioner was convicted of possession with intent to deliver over 400 grams of cocaine.  *The State of Texas v. Edmundo Saenz Vasquez*, No. F0136890-HL (5th Crim. Dist. Ct., Dallas County, Tex., May 23, 2002).  Petitioner was sentenced to fifty years confinement.  He did not appeal his conviction.

On January 22, 2004, Petitioner filed a state application for writ of habeas corpus.  *Ex parte Saenz*, Application No. 58,536-01.  On October 13, 2004, the Court of Criminal Appeals

denied the application without written order on the findings of the trial court.

On December 16, 2004, Petitioner filed this federal petition. He argues: (1) he was denied the right to appeal; (2) the evidence against him was obtained through an illegal search and seizure; and (3) his attorney was ineffective in failing to object to various issues during sentencing.

On July 20, 2005, Respondent filed an answer arguing the petition is time-barred. On March 8, 2006, Petitioner filed his response. The Court now finds the petition is barred by limitations.

## III. Discussion

### (a) Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

Petitioner was convicted on May 23, 2002. He did not appeal his conviction. The conviction therefore became final thirty days later on June 24, 2002.[2] *See* Tex. R. App. P. 26.2(a); *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until June 24, 2003, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Petitioner, however, did not file a state writ until January 22, 2004. This petition was filed after the limitations period expired. It therefore did not toll the limitations period.

Petitioner was required to file his federal petition no later than June 24, 2003. He did not file his petition until December 16, 2004. His petition is therefore untimely.

---

>      (C)   the date on which the constitutional right asserted
>            was initially recognized by the Supreme Court, if the right has
>            been newly recognized by the Supreme Court and made
>            retroactively applicable to cases on collateral review; or
>
>      (D)   the date on which the factual predicate of the claim or
>            claims presented could have been discovered through the
>            exercise of due diligence.

28 U.S.C. § 2244(d)(1)

[2] Thirty days from May 23, 2002, is Saturday, June 22, 2002. Pursuant to Tex. R. App. P. 4(a), the PDR was due on Monday, June 24, 2002.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**         Page -3-


### (b) Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner states he is entitled to equitable tolling because his trial counsel failed to file an appeal and he was not appointed other counsel to pursue an appeal. Petitioner's claims do not establish a basis for equitable tolling. As the Fifth Circuit has stated:

> Whether [petitioner] had effective assistance of counsel on direct appeal in state court is not relevant to the question of the tolling the AEDPA's statute of limitations. A criminal defendant has a right to effective assistance of counsel on a first appeal as of right. An alleged violation of that right does not toll the AEDPA's statute of limitations.

*Molo v. Johnson*, 207 F.3d 773,775 (5th Cir. 2000); *see also, Moore v. Cockrell*, 313 F.3d 880 (5th Cir. 2002), *cert. denied*, 538 U.S. 969, 123 S.Ct. 1768 (2003) (finding counsel's delay in notifying petitioner of the result of the direct appeal does not constitute a basis for equitable tolling); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) ("[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."); *Felder v. Johnson*,

204 F.3d 168, 171-72 (5th Cir. 2000) (finding ignorance of the law, lack of knowledge of filing deadlines, a prisoner's pro se status, illiteracy, deafness, lack of legal training and actual innocence claims do not support equitable tolling of the AEDPA statute of limitations). Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).  The Court further recommends that all pending motions be denied.

Signed this 6th day of June, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).